[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12187
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00421-CLS-MHH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CHANEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 4, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Manuel Chaney, III appeals both his conviction and 70-month sentence after

pleading guilty to one count of access device fraud, in violation of 18 U.S.C.

§ 1029(a)(5) and (b)(1), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Chaney makes two arguments in this appeal.  First, he argues that his identity theft conviction is invalid because the factual basis set forth during the plea colloquy is insufficient to sustain his conviction.  Second, he argues that the district court erred when it applied several enhancements to increase his offense level.  After Chaney filed this appeal, the government moved to dismiss it because his plea agreement contained both a conviction and a sentence appeal waiver, and none of the exceptions to the waivers apply.  After careful review, we dismiss Chaney's appeal from his sentence.  We decline to dismiss his appeal of the conviction, but nevertheless affirm.

I.

We first consider the government's motion to dismiss Chaney's appeal based on the appeal waivers included in his plea agreement.  The appeal waiver provides that:

> In consideration of the recommended disposition of this case, I, MANUEL CHANEY III, hereby waive and give up my right to appeal my conviction and/or sentence in this case . . . .
> The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:
>> (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);
>> (b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and
>> (c) Claims of ineffective assistance of counsel.

2

This waiver appeared in bold in the plea agreement, and required Chaney's signature immediately after the waiver language signifying that Chaney "knowingly and voluntarily" entered into the waiver.

Although the waiver language itself purports to cover appeals from both the conviction and the sentence, the district court's representation of the waiver's scope during the change of plea hearing was more limited. When the court confirmed that Chaney understood the terms to which he was agreeing, the court explained that by entering into the agreement, Chaney "may have waived or given up some or all of [his] right to appeal any sentences imposed by this Court." At no time during the plea colloquy did the court confirm that Chaney understood the appeal waiver to prevent him from appealing from his conviction as well as the sentence.

This Court reviews the validity of an appeal waiver de novo. See United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (regarding sentence appeal waivers); see also United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir. 2008) (noting that de novo standard of review applies to conviction appeal waivers as well). An appeal waiver will be enforced if it was made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant

3

about the waiver during the colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id.

## A.

It is clear on this record that Chaney's agreement to the sentence appeal waiver was knowing and voluntary.  The district court specifically questioned Chaney about the sentence appeal waiver, and he confirmed that he understood it.  This being the case, Chaney is barred from appealing his sentence unless one of the exceptions to the appeal waiver applies.  See id.

The facts here do not bring Chaney's appeal of his sentence within one of the narrow exceptions.  First, Chaney's 70-month sentence is far less than the 204-month statutory maximum sentence applicable to his convictions.  See 18 U.S.C. § 1029(c)(1)(A)(ii) (180-month maximum); id. § 1028A(a)(1) (mandatory 24-month sentence, to be served consecutive to any other term of imprisonment).  Second, although Chaney complains about the enhancements the district court applied to him, the sentence does not trigger the second exception because it was not in excess of the guideline range "as determined by the Court" at the time of sentencing.  The court calculated a guideline range of 46–57 months imprisonment for the access device conviction and a mandatory consecutive 24-month sentence for the aggravated identity theft conviction, for a total guideline range of 70–81 months.  Chaney's 70-month sentence is within this range.  Finally, Chaney has

4

not argued in this appeal that his counsel was ineffective.[1]  Given the circumstances of this case, the government's motion to dismiss the sentence-related appeals based on the waiver is well taken.

B.

On the other hand, it is not clear that the conviction appeal waiver precludes our review of Chaney's challenge to the sufficiency of the factual basis upon which the district court accepted his guilty plea.  Given the shortcomings in the plea colloquy as to the conviction appeal waiver, and the fact that it makes no difference to the outcome here, we decline the government's request to dismiss Chaney's appeal from his conviction.

We hesitate to grant the government's motion for two reasons.  First, whether Chaney knowingly and voluntarily waived his right to appeal his conviction is not clear on this record.  The district court's explanation of the appeal waiver seemed to assume that the waiver covered only appeals from the sentence, and at no point during the plea colloquy did the district court assure itself that Chaney understood the effect of the conviction appeal waiver as well.  And,

---

[1] Even if Chaney did raise an ineffective assistance of counsel claim, the record is not sufficiently developed for us to consider it on direct appeal.  See United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008).  On this record, such a claim is properly reserved for collateral attack under 28 U.S.C. § 2255.  Id.; see also Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

5

although Chaney's attorney said he discussed the agreement with Chaney, the government has pointed to no evidence showing whether the attorney correctly understood the waiver's scope, or was under the same misapprehension as the district court appeared to be.  On the record before us, it is therefore not clear that the government has met its affirmative burden to demonstrate knowing and voluntary agreement to the conviction appeal waiver.  Cf. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (finding that the government met its burden to show the sentence waiver provision was enforceable because "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Second, this Court has not yet decided whether a conviction appeal waiver prevents a defendant from challenging the sufficiency of the factual basis underlying the district court's acceptance of his guilty plea.  Federal Rule of Criminal Procedure 11(b)(3) requires a district court to first "determine that there is a factual basis for the plea" before the court can enter a judgment based on that plea.  This requirement protects "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading."  United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005) (per curiam) (quotation mark omitted).

Based on this prerequisite to conviction pursuant to a guilty plea, other

6

Circuits considering what types of claims are forfeited by a conviction appeal waiver have said that "[e]ven valid waivers do not bar a claim that the factual basis is insufficient to support the plea." Hildenbrand, 527 F.3d at 474.[2] A panel of this Court recently agreed with Hildenbrand's reasoning, albeit in an unpublished, non-binding opinion. United States v. Anaya-Medina, ___ F. App'x ____, 2014 WL 930284, at *3 (11th Cir. Mar. 11, 2014) (per curiam). We respect the ruling of our colleagues in Anaya-Medina, as well as other Circuit Court opinions addressing similar issues, that a defendant can still challenge the sufficiency of the factual basis on which the district court accepted the guilty plea even in the face of a knowing and voluntary appeal waiver. For these reasons, and (again) because it makes no difference to the outcome here, we deny the government's motion to dismiss Chaney's challenge to the sufficiency of the factual basis underlying his conviction based on the conviction appeal waiver.

The government also argues that, even if the conviction appeal waiver does not preclude our review, his unconditional, knowing, and voluntary guilty plea

---

[2] The Second Circuit has similarly held that a conviction appeal waiver does not preclude a defendant from challenging defects in the plea itself, like the sufficiency of its factual basis. United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2006) ("We note at the outset that despite a provision in the plea agreement stating that Adams will 'not . . . file an appeal or otherwise challenge the conviction or sentence,' we may properly review the plea proceedings. This is because a defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty, and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea." (alteration in original) (quotation marks omitted)).

does.  The government is right that a knowing, voluntary, and unconditional guilty plea, like Chaney's,[3] waives a defendant's right to raise many challenges on appeal regardless of whether the plea is accompanied by an appeal waiver.  United States v. Bonilla, 579 F.3d 1233, 1240 (11th Cir. 2009) (noting that by entering a guilty plea, a defendant waives his right to raise non-jurisdictional challenges on appeal).

But where the defendant challenges the district court's compliance with the requirements of Rule 11 before accepting his guilty plea, this Court will consider the defendant's challenge on appeal notwithstanding the plea.  See United States v. Ternus, 598 F.3d 1251, 1254–55 (11th Cir. 2010) (reaching the merits of the defendant's claim that "the district court erred by accepting his guilty plea because it was not supported by a sufficient factual basis"); Frye, 402 F.3d at 1128–29 (same).  This is exactly the sort of claim Chaney makes in this appeal—that the district court should not have accepted his plea given Rule 11(b)(3)'s requirement that the factual basis support conviction.  As a result, the government's argument that we should dismiss Chaney's appeal on waiver grounds is misplaced.

## II.

Even though we do not dismiss Chaney's appeal on waiver grounds, his claim nevertheless falls short on the merits.  He argues that the factual basis set

---

[3] At least, we assume that Chaney's plea was knowing and voluntary, because he has not argued otherwise in this appeal.  See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005) (per curiam) (noting that issues not raised in an opening brief are considered waived).

8

forth during the plea colloquy was insufficient to support his conviction because § 1028A does not prohibit the conduct in which Chaney engaged: stealing deceased persons' identities for the purpose of accessing their bank accounts and diverting funds for his own use.  Because he did not make this argument before the district court, we review only for plain error.  Ternus, 598 F.3d at 1254.  To show plain error, Chaney "must show a clear error that prejudiced him by affecting his substantial rights."  Id.  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009) (per curiam).

This Court has previously held that § 1028A "criminalizes the use of a real person's identity, regardless of whether that person is currently living."  United States v. Zuniga-Arteaga, 681 F.3d 1220, 1225 (11th Cir. 2012).  Chaney tries to distinguish his case from Zuniga-Arteaga because that case involved the use of a person's name and birthdate, whereas his case involves only the use of a person's bank account number.  But this Court's decision in Zuniga-Arteaga that the term "person" for purposes of § 1028A includes deceased as well as living persons does not depend at all on the form of identification involved.  Id. at 1223–26.  Indeed, this Court acknowledged that the definition set forth in that case applied to all cases involving the use of "any name or number that may be used to identify a specific individual."  Id. at 1224 (emphasis added) (quotation marks and ellipses

9

omitted).  Because Chaney's proposed distinction finds little if any support in the Zuniga-Arteaga opinion, it cannot be said that the district court plainly erred by accepting that Chaney's use of deceased persons' bank account numbers was prohibited by § 1028A.

## III.

The government's motion to dismiss Chaney's appeal from his sentence is granted, but the motion to dismiss the appeal from his conviction is denied. Nevertheless, we affirm the district court's acceptance of Chaney's guilty plea in light of our precedent interpreting § 1028A.

**MOTION TO DISMISS GRANTED IN PART AND DENIED IN PART; AFFIRMED.**